# FRANCISCO SEMIDEY ET AL.

*v.*

# CENTRAL AGUIRRE COMPANY ET AL.

---

San Juan, Equity, No. 874.

AS TO AMENDING ORDERS OF PREVIOUS JUDGE.

Practice—Amending Orders of Previous Judge.
    1. The court will uniformly decline to interfere with matters decided by a previous judge, especially when rendered at a term past.
Practice—Supplying Deficiency in Decree.
    2. Where, however, a decree is incomplete, the court will supply the element which may have been omitted, such as naming a definite time in which an act required shall be performed.
Practice—Party in Default Cannot Apply.
    3. A party who has failed to comply with an order of court cannot be heard to ask its modification.

Opinion filed June 17, 1913.

---

*Mr. Perry Allen* for plaintiff.

*Messrs. Hartzell & Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

The situation in this case is a peculiar one, but the court must approach it with this conviction, which the court has expressed on several occasions, with no reference to this case

Semidey v. Central Aguirre Co.

more than to a dozen others. A number of applications have come before me, in one shape or another, to review what has been done by my predecessor. I have uniformly refused them on principle, especially now where it is another term, a distinct term. So that, in this case, where an injunction, or the equivalent of an injunction, issued, and in the presence of both parties in court, I am not willing to assume that the order was improperly made. I do not think it would be proper legal procedure. Whether I myself would have granted that order or not is another question entirely. Furthermore, I do not think that a person who has not complied with an injunction can come into court and ask for a modification of it, and it seems to me that I am shut up to the conclusion and to the decision that I cannot modify the action of my predecessor.

The order itself does not seem to be complete, however, and of course my predecessor cannot make any change in that, and, if anything is to be done, it must be done by myself. The order does not say what time the deposit shall be made. The presumption, of course, is a reasonable time, and that depends on all the circumstances of a case, and what is a reasonable time in this case is somewhat hard to determine. There was no judge upon the island, it is true, but the clerk was upon the island, and there was no difficulty about the deposit. The only difficulty was about a judge who should modify the injunction, but that, I say, does not appeal to me, because I do not think I should go back of what my predecessor has done. There is this consideration, however: Not stating when the deposit was to be made would seem to indicate that there were some grounds for its not being made immediately. I have to consider the omissions as well as the statements. So I am inclined to think

that a proper construction of that feature of it and the question of reasonable time would fix a reasonable time under the circumstances, as that gathering and grinding the cane.

For that reason I think it is open to me, not to modify the order, but to add to the order what was omitted in the order; and I think I can therefore fix a time in the future, that is, fix a definite time, which is not fixed by the order. The question in my mind is this: If I put a short time, there would be a contingency arising, which was the same presented before, that there will be no judge on the island, although I cannot see that that would be a material matter. There could be a substitute judge if anything came up. But I cannot hear any application to modify the order until the order has been complied with.

It has been suggested that a bond be substituted. That would be a modification of the order, since it is not agreed to by the opposing counsel.

Let me ask a question. When do counsel expect to try this case on the merits? Sixty days I think was the time given to amend.

Mr. Allen: On the assumption that your Honor could not give us a day now, I wish to return to the States.

Mr. Hartzell: We could try it in August, when your Honor returns.

The Court: Proceeding, therefore, to fix the time, which is not fixed by the preceding order, I will fix the 20th of August as the time within which the money must be paid into court. I will be back on the island at that time. I do not want to fix an earlier date.

Semidey v. Central Aguirre Co.

Mr. Hartzell: We shall want an opportunity at that time to move for a modification of the order.

The Court: I think counsel might read between the lines, and see that that is what I am allowing. For that reason I fix the 20th of August as the time within which this order must be complied with and the money paid into court. Of course, if on the 21st of August some motion of some other character is made, it will be the duty of the court to take it up after proper notice; but I have nothing to do with that now.

Furthermore, while I have every confidence in the defendant in this case, the order will state August 20th, but with the right of the court in any emergency to fix an earlier period, and I will say the only contingency would be anything happening to the defendant itself. I, of course, do not incorporate that in the order, but I say what I have in mind.

In other words, I am perfectly willing to give a reasonable time, because I am satisfied as to the solvency of the defendants, but, at the same time, the court is not ready to assure that indefinitely.

I think in this, gentlemen, I have done substantial justice, although it may not be exactly what I might have done in the original case.

I will be glad, Mr. Allen, if you will draw the order in that shape.